### CHARLES J. BARTLESON *vs.* CITY OF MINNEAPOLIS.

### June 15, 1885.

Condemnation of Land for Public Street—Failure to Pay Award—
    Abandonment of Proceedings.—Under section 4, c. 10, of the charter
    of the city of Minneapolis, regulating proceedings for taking private prop-
    erty for public use, unless the council causes the amount of the award to
    an owner to be paid to him, or sets it apart in the treasury for the owner,
    within one year after the award becomes final, the proceedings to appro-
    priate the property are *ipso facto* abandoned.

Action of ejectment, brought by plaintiff in the district court for Hennepin county.   The defendant denies plaintiff's title, and alleges title under condemnation proceedings had in 1881 for street purposes. A jury was waived and the action tried by ·*Young*, J., who found as facts (it being admitted on the trial that plaintiff was the owner except for the condemnation proceedings set up by defendant) that in

the year 1881, by proceedings commenced in May and terminated in August, the land in question was duly condemned by defendant for street purposes, and $400 awarded as damages for the taking; that immediately after such condemnation the defendant went into possession, and has ever since remained in possession of the land, and that no compensation for the taking of the land was ever paid or set apart until June 25, 1884, when the city council, by resolution, set apart in the city treasury the sum of $400. Upon these facts the court ordered judgment for plaintiff, from which the defendant appeals.

*Judson N. Cross,* for appellant.

*Robinson & Bartleson,* for respondent.

GILFILLAN, C. J. In the provisions of the charter of the city of Minneapolis, regulating the taking by the city of private property for public use, is one (Sp. Laws 1881, *c.* 76, *subc.* 10, § 4, p. 474) to the effect that after the award of damages to the owners of property taken shall become final, the city council shall cause to be paid from the permanent improvement fund of the city to the owners of the property the amount awarded to each, and that, "in case such payment is not made within one year after the confirmation of the award, or the determination of the appeal thereupon, the proceedings shall be deemed to be abandoned;" and also that "before payment of such award the owner of such property, or the claimant of the award, shall furnish an abstract of title, showing himself entitled to all of the compensation and damages claimed. In case of neglect to furnish such abstract, or there shall be any doubt as to who is entitled to such compensation or damage, or any part of the same, the amount so awarded shall be by the city council appropriated and set apart in the city treasury for whoever shall be entitled thereto, and be paid over whenever any person shall show clear right to receive the same."

In this case, the council not having paid, or appropriated, and set apart in the treasury, the amount awarded to the owner of the property in question within one year after the confirmation, the question is, were the proceedings *ipso facto* abandoned? The charter answers the question. In taking private property for public use all substantial requirements of the law must be complied with. And it is for the public authorities, and not for the owner, to see to it that the pro-

ceedings conform to the law. In this case, the owner had the right that, within a year at the utmost, the amount awarded should be either paid to him or set apart in the treasury for his use, so that he could get it. The provision is in the interest, and for the benefit and protection, of owners, and is matter of substance. It was for the council, before it could acquire an indefeasible right to the property, to cause the amount to be paid, or, if not called for in the manner prescribed by the section, to set it apart in the treasury. The acquiring of title to the property depended on the performance of that condition.

To the suggestion that the court may grant to the city equitable relief in the premises, and upon equitable considerations sustain its possession, it is enough to say that if the city could upon any case be relieved from the consequences of the council's failure to comply with the law, no such case is presented by the pleadings or made by the facts found.

Judgment affirmed.